# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20285
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2015

Lyle W. Cayce
Clerk

JAMES C. WILLIAMSON,

Plaintiff-Appellant

v.

COUNTY MONTGOMERY,

Defendant-Appellee

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1259

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

James C. Williamson moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint. Williamson claimed that he was unlawfully detained for speeding, subjected to an illegal search, and not given *Miranda*[1] warnings upon his arrest for failure to identify. The district dismissed his complaint based on the immunity of the defendants, insufficient service of process, and Williamson's failure to file the suit within

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 14-20285

the applicable statute of limitations.  Denying his motion for leave to proceed IFP on appeal, the district court certified that the appeal was not taken in good faith.

By moving to proceed IFP, Williamson is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We may dismiss the appeal under 5th Circuit Rule 42.2 if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Williamson does not challenge sufficiently the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal.  Pro se briefs are afforded liberal construction.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Williamson asserts, without further explanation, in his opening brief that the limitations period is four years because his suit is based on fraud and official oppression by officers.  For actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period. *Wallace v. Kato*, 549 U.S. 384, 387 (2007).  In Texas, that period is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a); *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002).  Williamson's complaint alleged violations of federal constitutional rights and thus was subject to the two-year statute of limitations period. *See Wallace*, 549 U.S. at 387.  In addition, federal law determines when

No. 14-20285

a § 1983 cause of action accrues. *See Hitt*, 301 F.3d at 246. Under federal law, the limitations period begins to run "when the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Id*. (internal quotation marks and citation omitted). Montgomery County dropped criminal charges against Williamson in May 2010, giving him until May 2012 to file suit timely. He did not commence proceedings against the officers and the State until March 2013. Therefore, the district court did not err in finding his suit time barred by the statute of limitations

Because Williamson has failed to challenge any legal aspect of the district court's disposition of his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal. *Brinkmann*, 813 F.2d at 748. Thus, the appeal lacks arguable merit and is frivolous. *See Howard*, 707 F.2d at 220. Accordingly, Williamson's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.

3